# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**STEWART A. GRIMES** and
**VICKIE L. GRIMES**,

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 5:15-CV-71**
　　　　　　　　　　　　　　　　　　　　　　　　　**(BAILEY)**

**RICHARD E. WINKLER** and
**GRAMMAR INDUSTRIES, INC.**,

        Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Currently pending before this Court is Plaintiffs' Motion to Remand and Memorandum in Support [Doc. 6], filed July 10, 2015. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Plaintiffs' Motion to Remand should be **GRANTED**.

## I. Background

On May 11, 2015, plaintiffs initiated this action by filing suit against the defendants in the Circuit Court of Ohio County, West Virginia. [Doc. 1]. Defendants timely removed the case to this Court under its federal diversity jurisdiction, 28 U.S.C. § 1332. (Id.). In the instant Motion, plaintiffs contend that remand is proper, as the defendants have failed to show that the amount in controversy in this matter exceeds $75,000.00. This Court agrees.

This lawsuit stems from a car accident. The Complaint seeks compensatory and general damages, prejudgment and post judgment interest, attorney fees and costs, and

1

any other damages allowed by law. (Id.).

II. **Legal Standard**

In a removal action in which federal jurisdiction is predicated upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiffs' claim exceeds the jurisdictional amount. **Landmark Corp. v. Apogee Coal Co.**, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). Where the plaintiffs' Complaint does not specifically state the amount in controversy, such as in this case, the removing defendants must prove, by a preponderance of the evidence, that the amount exceeds $75,000.00; in other words, the defendant need only show it is more likely than not that the amount-in-controversy requirement is met. *See, e.g.*, **Tapscott v. MS Dealer Serv. Corp.**, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* **Cohen v. Office Depot, Inc.**, 204 F.3d 1069 (11th Cir. 2000) (finding that where a plaintiff makes an unspecified demand for damages, a lower burden of proof is warranted because there is no estimate of damages to which a court may defer).

Removal, however, may not be based upon speculation. **Griffith v. Walker**, 2013 WL 4538741, at *2 (N.D. W.Va. Aug. 27, 2013) (slip op.). In meeting its burden of proof, the defendant must offer more than a bare allegation; rather, it must "supply evidence to support [its] claim regarding the amount at issue in the case." **Sayre v. Potts**, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999). Lacking an express statement of the amount claimed by plaintiffs, the Court must look to the totality of the circumstances to estimate what a reasonable plaintiff would demand or claim. **Scaralto v. Ferrell**, 826 F.Supp.2d 960, 968 (S.D. W.Va. 2011); *see also* **Mullins v. Harry's Mobile Homes**, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). Removal jurisdiction is strictly construed,

and if federal jurisdiction is doubtful, the federal court must remand. See **Mulcahey v. Columbia Organic Chems. Co., Inc.**, 29 F.3d 148, 151 (4th Cir. 1994). Finally, in making its determination, this Court "is not required to leave its common sense behind." **Mullins**, 861 F.Supp. at 24.

## III. Discussion

In the Notice of Removal, defendants' only statement regarding the amount in controversy is that "the controversy exceeds the sum of $75,000 . . .." [Doc. 1]. The defendants have offered no *competent* proof or tangible evidence that the amount in controversy exceeds, or is even conceivable that it will exceed $75,000, exclusive of interest and costs. See **Etchison**, 2006 WL 2796658. Rather, the defendants' assertion is self-serving and conclusory. The plaintiff's Complaint only makes general allegations concerning the accident, and the monetary value of the damages is less than clear from the face of the Complaint. Removal was improper in this case.

## CONCLUSION

Upon consideration of the above, Plaintiffs' Motion to Remand **[Doc. 6]** is hereby **GRANTED**. Accordingly, this matter is hereby **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

**DATED**: July 13, 2015.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE